BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney
    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3723
    Facsimile:  (510) 637-3724
    E-Mail:     Garth.Hire@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 15-00290 PJH |
|---|---|
| | ) |
| | ) UNITED STATES' SENTENCING |
| | ) MEMORANDUM |
| v. | ) |
| | ) |
| MICHAEL HERB VIDEAU, | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

The government recommends and respectfully requests that this Court sentence defendant to a 24-month term of imprisonment, a three-year term of supervised release with conditions to be determined by the Court (and the special conditions agreed to by defendant in his plea agreement), and a $200 special assessment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Defendant Breached the Public's Trust and Violated Airport Security on Multiple Occasions by Passing Unscreened Luggage Containing Narcotics to Passengers

Defendant, while employed as a Southwest Airlines baggage handler at the Oakland International Airport, participated in a conspiracy to: (1) distribute, and possess with intent to distribute, marijuana; and (2) to enter an airport area in violation of security requirements. In furtherance of that conspiracy, defendant on eight occasions used his access to the airport as a baggage handler to smuggle baggage containing marijuana into the airport and distributed that marijuana to outbound passengers in violation of airport security requirements. Defendant smuggled narcotics and violated airport security on eight separate occasions between June 18 and July 30, 2013. (PSR ¶¶ 30-32).

### B. Indictment and Guilty Plea

On May 28, 2015, defendant was indicted for various offenses relating to narcotics trafficking and airport security violations. (PSR ¶ 1). On August 3, 2016, defendant pleaded guilty pursuant to a plea agreement to one count of violating airport security and one count of distribution of marijuana. (PSR ¶ 2). In his plea agreement, defendant admitted that he smuggled a total of 32 kilograms of marijuana in violation of airport security measures. (PSR ¶ 33). Defendant further admitted that he abused a position of public and private trust by using the access to the secured areas of the airport granted to him as an employee of Southwest Airlines in order to distribute marijuana in violation of airport security requirements. (*Id.*)

///

///

///

## III. SENTENCING GUIDELINES CALCULATIONS

The parties agreed to the following guidelines calculations in the plea agreement:

| | | |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. §§ 2D1.1(a)(5), (c)(12):<br>(at least 20 but less than 40 kilograms of marijuana) | 16 |
| b. | Abuse of Position of Trust, U.S.S.G. § 3B1.3 | + 2 |
| c. | Acceptance of Responsibility: | - 3 |
| d. | Adjusted offense level: | 15 |

The United States Probation Office (USPO) agrees with the calculations in the plea agreement. (PSR ¶¶ 3, 39-48). Defendant falls within criminal history category I. (PSR ¶ 53). Thus, the defendant's guideline range is 18-24 months. (PSR ¶ 92). The government recommends a high-end guideline sentence of 24 months' imprisonment. Such a sentence properly reflects defendant's offense conduct and his extraordinary breach of public and private trust while also serving as a deterrent for other airport insiders who might consider using their positions to violate airport security measures for profit.

## IV. STATUTORY SENTENCING FACTORS

### A. Nature and Circumstances of the Offense

The nature and circumstances of the offenses demonstrate the need for a high-end 24-month sentence. Defendant used his position as a Southwest Airlines baggage handler to perform a key role in a conspiracy to circumvent TSA security measures and smuggle marijuana in unscreened luggage to outbound passengers who then transported that marijuana throughout the country for sale. Defendant repeatedly used his position to violate airport security measures for profit in a stunning breach of trust. The nature and circumstances of this offense clearly justify a high-end guideline sentence of 24 months.

### B. History and Characteristics of the Defendant

#### 1. *Criminal History*

Defendant has previously been arrested for carrying a concealed weapon in a vehicle and hit and run. (PSR ¶¶ 54-55). Defendant successfully completed a diversion program for the firearm charge and no charges were filed for the hit and run. (*Id.*)

### 2. *Personal Characteristics*

Defendant's personal characteristics do not support a deviation from the sentencing guidelines. (PSR ¶¶ 58-89). Indeed, it is defendant's lack of criminal record and employment with Southwest Airlines that enabled him to participate in the criminal conspiracy to smuggle narcotics in violation of airport security.

### C. Need to Reflect the Seriousness of the Offenses

The offenses in question involve a long-term conspiracy to violate airport security in an effort to engage in nationwide narcotics trafficking. A high-end guideline sentence of imprisonment sufficiently reflects the seriousness of the offenses in this particular case.

### D. Deterrence of Criminal Conduct

By imposing a 24-month sentence on defendant the Court has the opportunity to have a strong specific and general deterrent effect. First, defendant will be specifically deterred from committing more crimes by knowing that another prison term awaits him should he re-offend. Most importantly, this Court has an opportunity to send a strong signal to other airport insiders who are in a position to violate airport security measures for profit that if they do so they will serve a lengthy federal prison term. A below-guideline prison sentence would have the opposite effect. Through the 24-month sentence requested by the government, this Court can generally deter others from violating airport security measures to profit from criminal activity and thereby ensure the safety of the flying public and stop the spread of narcotics from Northern California to other communities in the United States.

### E. Need to Protect the Public

The public needs to be protected from airport insiders, like defendant, who are willing to use their positions of trust at the nation's airports for personal profit.

### F. Need to Provide Defendant with Education

The need to provide defendant with education and vocational skills, while important in most contexts, must be placed in a subordinate position to the important considerations of deterrence, protection of the public, and the need for the sentence to reflect the seriousness of the offense.

## V. CONCLUSION AND SENTENCING RECOMENDATION

For the foregoing reasons, the government respectfully requests that the Court sentence defendant to a 24-month term of imprisonment (on both counts to run concurrently), three years of supervised release with conditions to be fixed by the Court and agreed to by defendant in his plea agreement (on both counts to run concurrently), no fine, and a $200 special assessment.

DATED: November 2, 2016

Respectfully Submitted,

BRIAN J. STRETCH
United States Attorney

_____/S/_____
GARTH HIRE
Assistant United States Attorney